■ In the Matter of DUN ROAMIN CORP., Respondent, against EDWARD P. LARKIN et al., Constituting the Town Board of the Town of Hempstead, Appellants.— In a proceeding pursuant to article 78 of the Civil Practice Act to review a determination of the Town Board of the Town of Hempstead which denied petitioner's application for a special exception approval of the use of its premises as a gasoline service station and for a permit to install on its premises certain tanks for storage of flammable liquids, the premises being in a district zoned for business, the Town Board appeals from an order of the Supreme Court, Nassau County, entered December 11, 1959, annulling its determination and directing it to grant the application. Order reversed, without costs, and matter remitted to the Special Term for further proceedings consistent herewith, with leave to the Town Board, within 20 days after entry of the order hereon, to serve and file, pursuant to section 1291 of the Civil Practice Act, its verified answer, return and affidavits or other written proof showing such evidentiary facts as shall entitle it to a trial of any issue of fact; and without prejudice to the right of petitioner, in the event of the Town Board's failure to serve and file said answer and other papers, to move at Special Term for a final order pursuant to section 1297 of the Civil Practice Act. A previous order was made in this proceeding on July 21, 1959, annulling a prior denial of the application and remitting the matter to the Town Board for the taking of additional evidence and the making of findings of fact. Following such remission the board held a hearing and made the determination presently under

review, again denying the application, and again without making findings. The only paper that has been submitted by the board in this proceeding is an answer to the petition, setting forth denials and three affirmative defenses. The board, being the legislative body that had enacted the zoning ordinance here involved, and the board in said ordinance having reserved to itself the right to grant the special exception approval in question, was not required to set forth findings of fact in connection with the denial of the application for special exception approval (although such findings generally are helpful). It was required, however, by section 1291 of the Civil Practice Act, to serve and submit an affidavit or other written proof in this proceeding (*Matter of Lemir Realty Corp.* v. *Larkin*, 8 A D 2d 970). In view of the board's failure thus to comply with section 1291, the Special Term had the alternative power to render the final order which we are reviewing or to direct the board to comply with the requirements of that section (see Civ. Prac. Act, § 1297). In choosing the former alternative, the Special Term commented that the board had "had two opportunities to submit such affidavits and proof." We notice, however, that upon the original remission of the matter to the board, which was after the first opportunity had passed, the Special Term's only criticism as to the law's practice requirements related to the board's omission to make findings. Nothing was said about the requirement as to an affidavit or other written proof. The board's answer reveals that there are serious questions with respect to the grounds upon which it denied the application. Determination of a controversy such as presented in this proceeding should not be made upon the basis of a party's failure to comply with a practice requirement, unless and until it becomes clear that the failure to comply was a conscious omission or that the party in question will not comply with the requirement. Nolan, P. J., Beldock, Ughetta, Christ and Pette, JJ., concur.